IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

EMORY STEVE BROWN )
)
PLAINTIFF )
)
VS. ) CASE NO. CV 2005-093
)
CLAIMS MANAGEMENT, INC. )
)
DEFENDANT )

Filed in Office

JUN 14 2005

KIM S. BENEFIELD
Clerk of Circuit Court

### BILL OF COMPLAINT

Comes now plaintiff and would show unto this Honorable Court the following facts as a basis for the relief hereinafter prayed for:

### STATEMENT OF FACTS

1. Plaintiff herein is a resident citizen of Randolph County, Alabama, and resides on Pine Valley Drive in Roanoke, Alabama.

2. The defendant Claims Management, Inc. is a foreign corporation doing business by agent in Randolph County, Alabama, whose principal place of business is located in Bentonville, Arkansas, and whose address is P. O. Box 1288, Bentonville, Arkansas.

3. Plaintiff herein was employed by the Wal-Mart Super Center located in Roanoke, Alabama, on or about September 28, 2004.

4.  On said date plaintiff received an injury on his job which was reported to the defendant to the best of plaintiff's knowledge and belief on or about September 29, 2004.

5.  Plaintiff would state that defendant Claims Management, Inc. is an independent claims adjusting service which handles the workmen's compensation claims for the Wal-Mart Super Center located in Roanoke, Alabama.

6.  Plaintiff would state that he was initially sent to Dr. Mitchell Shirah in Roanoke for care and treatment of his injury. Plaintiff would state that he made continuous complaints to Dr. Shirah about the injury to his shoulder and received only conservative care and treatment from Dr. Shirah through October 19, 2004.

7.  Plaintiff would state that on October 19, 2004, an MRI was done which revealed that the plaintiff herein had a torn rotator cuff.

8.  Plaintiff would state that Dr. Shirah advised him that he needed surgery on his shoulder and that this was beyond his area of expertise.

9.  Plaintiff herein would state that to the best of his knowledge and belief Dr. Shirah reported to the defendant the plaintiff's need for surgery.

10. Plaintiff was subsequently seen by Dr. Holworth and was advised on October 27, 2004, that he needed surgery immediately for his rotator cuff

injury. Plaintiff would state that the medical records of Dr. Holworth reflect that unless rotator cuff surgery is done within six weeks following the date of injury that the outcome of such surgery after that time would be compromised in all probability.

11. Plaintiff would state that to the best of his knowledge and belief Dr. Holworth recommended to the defendant that the plaintiff have surgery done immediately.

12. Plaintiff would state that the defendant's agent whose name is Victoria advised plaintiff that the opinions of Dr. Shirah and Dr. Holworth were not sufficient to authorize surgery being performed upon the plaintiff in that the defendant's in-house physician would have to determine if the surgery was medically necessary. Thereafter Defendant's agent kept telling Plaintiff that she could not authorize surgery and that she wanted to get a fourth opinion.

Plaintiff would state that after begging and pleading over a month the defendant herein finally authorized surgery which was, in fact, performed on the plaintiff by Dr. Holworth on or about November 29, 2004.

13. Plaintiff would state that as a result of the length of time between the time of his injury and the date that surgery was finally authorized by

defendant, plaintiff suffered additional damages in that the surgery was not performed in a timely manner.

## COUNT ONE

### COMPLAINT FOR FRAUD

1. Plaintiff incorporates the above Statement of Facts as Paragraph One of this Count.

2. Plaintiff herein would state that the Defendant's agent, Victoria, represented to the Plaintiff that the in-house physician of the Defendant had stated that surgery on the Plaintiff was not medically necessary and that there were alternative forms of treatment available. Plaintiff would state that this representation was false and the Defendant's agent knew the same was false at the time it was made to the Plaintiff.

3. Plaintiff would state that this representation was made to the Plaintiff with the intent that he should rely upon the same to his detriment.

4. Plaintiff would state that Defendant is guilty of violations of Ala. Code §§ 6-5-101, 6-5-103 and 6-5-104.

5. As a proximate consequence of the fraud perpetrated upon the Plaintiff by the Defendant Plaintiff was caused to suffer the following injuries and damages:

(a)   He did not have the surgery in a timely fashion that had been recommended;

(b)   He has suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c)   He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

## COUNT TWO

### COMPLAINT FOR OUTRAGEOUS CONDUCT

1.   Plaintiff incorporates the above Statement of Facts as Paragraph One of this count.

2.   Plaintiff would state that the actions of the Defendant in not allowing him to have surgery which Doctor Holworth had said was immediately necessary were outrageous.

3.   Plaintiff would state that the Defendant herein had no opinion from any medical source that Dr. Shirah and Dr. Holworth's recommendations were not medically necessary and the actions of the Defendant were designed simply to withhold medical care and treatment from the Plaintiff which was

necessary in an effort to prevent him from having the surgery recommended by these doctors.

4.  Plaintiff would state that Defendant had no medical basis for denial of the surgery and the conduct of the Defendant in this regard was outrageous.

5.  Plaintiff would state that as a proximate consequence of the outrageous conduct of the Defendant he has been caused to suffer the following injuries and damages:

(a)  He did not have the surgery in a timely fashion that had been recommended;

(b)  He has suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c)  He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

## COUNT THREE

COMPLAINT FOR SUPPRESSION OF MATERIAL FACTS

1. Plaintiff incorporates the above Statement of Facts as Paragraph One of this count.

2. Plaintiff herein would state that a confidential relationship existed between him and the Defendant by virtue of special circumstances that would have required the Defendant to disclose to the Plaintiff truthful information with respect to his medical condition and the responsibilities of the Defendant to the Plaintiff.

3. Plaintiff would state that the special circumstances which existed between Plaintiff and Defendant arose from the following facts:

(a) The Defendant herein was the only one receiving medical reports concerning the Plaintiff;

(b) The medical care and treatment which would be provided to the Plaintiff was controlled by the Defendant;

(c) The Defendant had before it Dr. Holworth's recommendation that the Plaintiff have surgery immediately and Defendant knew of the importance of the surgery to the Plaintiff.

(a) He did not have the surgery in a timely fashion that had been recommended;

(b) He has suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c) He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

_____
John A. Tinney    TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274
(334) 863-8945

Plaintiff demands trial by struck jury.

_____
John A. Tinney    TIN005
Attorney for Plaintiff