IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| EMORY STEVE BROWN, | * | CASE NUMBER: |
| | * | CV 2005 093 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CLAIMS MANAGEMENT, INC., | * | |
| | * | |
| Defendant. | * | |

**Filed in Office**

JUL 22 2005

KIM S. BENEFIELD
Clerk of Circuit Court

### DEFENSES AND ANSWER OF DEFENDANT
### CLAIMS MANAGEMENT, INC.

COMES NOW the defendant, Claims Management, Inc. (hereinafter referred to as the "defendant CMI") and in response to the plaintiff's complaint, asserts the following defenses and answer:

#### FIRST DEFENSE

The plaintiff's complaint fails to state a claim against the defendant CMI upon which relief can be granted.

#### SECOND DEFENSE

The defendant CMI denies that it was guilty of any conduct which proximately caused or contributed to or worsened any injury complained of by the plaintiff.

#### THIRD DEFENSE

The defendant CMI denies there is any confidential relationship as alleged by the plaintiff.

#### FOURTH DEFENSE

The defendant CMI denies that it, at any time, acted with the intent to inflict emotional distress or injury to the plaintiff or that the defendant CMI acted in a manner

that could have caused emotional distress or injury to the plaintiff.

FIFTH DEFENSE

The defendant CMI contends that the plaintiff's causes of action are barred by the exclusivity provisions of the Workers' Compensation Act.

SIXTH DEFENSE

The defendant CMI denies it withheld any information it was obligated to communicate to the plaintiff.

SEVENTH DEFENSE

The defendant CMI alleges that it was the conduct of a third-party who the plaintiff has not added to this suit who was the cause of any delay in the plaintiff's surgery.

EIGHTH DEFENSE

The defendant CMI alleges it acted, at all times, in a manner that was in the best interests of its employee.

NINTH DEFENSE

The defendant CMI denies that it participated in any extreme or outrageous conduct for a period of time sufficient to offend the sensibilities and which could therefore support the plaintiff's allegations of outrage.

TENTH DEFENSE

The defendant CMI denies it made any representations to the plaintiff upon which he reasonably, or justifiably relied.

ELEVENTH DEFENSE

The defendant CMI alleges that the plaintiff's claim of entitlement to punitive

damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

1. That such violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages which are penal in nature against a civil defendant and upon the plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt";

2. That the procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3. That the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

4. That the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

5. That the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and which therefor violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

6. That the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7. That the procedures pursuant to which punitive damages are awarded permit the imposition of excess fines in violation of the Eighth Amendment of the United States Constitution.

## TWELFTH DEFENSE

The defendant CMI alleges that the plaintiff's claim of entitlement to punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

1. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

3. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive

damages;

5. The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

6. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendments of the United States Constitution.

### THIRTEENTH DEFENSE

The defendant CMI alleges that the award of punitive damages to the plaintiff constitute a deprivation of property without due process of law as required in the Fifth and Fourteenth Amendments of the United States Constitution.

### FOURTEENTH DEFENSE

The defendant CMI alleges that the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

### FIFTEENTH DEFENSE

The defendant CMI alleges that the imposition of punitive damages under Alabama law is arbitrary and capricious, and as much as there is no standard for fair and objective calculation of such damages and that the same are penal in nature requiring that the plaintiff show entitlement to same by evidence beyond a reasonable doubt. The defendant CMI alleges further that imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection Clauses of both the

United States Constitution and the Constitution of the State of Alabama and that the imposition of punitive damages under Alabama law is arbitrary and capricious leading to grossly excessive punitive damages awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between the defendant's alleged conduct and legitimate interest of the state to punish unlawful conduct and to deter its repetition. *BMW of North American v. Gore*, 1996 WL 262429.

## SIXTEENTH DEFENSE

The defendant CMI alleges that the notions of judicial fairness, due process and constitutional jurisprudence mandate that a defendant receive fair notice of not only the conduct that will subject him to punishment, but also the severity of the penalty that a state may impose. This state provides no such demand to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments.

## SEVENTEENTH DEFENSE

The defendant CMI alleges that the award of discretionary compensatory damages for mental suffering on behalf of a plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of such compensatory damages recoverable for mental suffering.

## EIGHTEENTH DEFENSE

The defendant CMI alleges that the award of discretionary compensatory damages for mental suffering to a plaintiff violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama because it fails to provide a limit in the

amount of the award against a defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of such award and it constitutes a deprivation of property without due process of law.

### NINETEENTH DEFENSE

The defendant CMI alleges that the plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in Alabama Code Section 6-11-21.

### TWENTIETH DEFENSE AND ANSWER

In response to the individually numbered paragraphs contained in the plaintiff's complaint, the defendant CMI pleads as follows:

1.

The defendant CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 1 of the plaintiff's complaint.

2.

The defendant CMI admits the allegations contained in paragraph 2 of the plaintiff's complaint.

3.

The defendant CMI admits the allegations contained in paragraph 3 of the plaintiff's complaint.

4.

The defendant CMI admits the plaintiff suffered an on the job injury. The defendant CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 4 of the plaintiff's

complaint and therefore denies same.

5.

The defendant Wal-Mart admits the allegations contained in paragraph 5 of the plaintiff's complaint.

6.

The defendant CMI admits that the plaintiff was treated initially by Dr. Mitchell Shirah. The defendant CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 6 of the plaintiff's complaint and therefore denies same.

7.

The defendant CMI admits that an MRI was performed on October 19, 2004. The defendant CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 7 of the plaintiff's complaint and therefore denies same.

8.

The defendant CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 8 of the plaintiff's complaint and therefore denies same.

9.

The defendant CMI denies the allegations contained in paragraph 9 of the plaintiff's complaint.

10.

The defendant CMI admits that the plaintiff saw Dr. Holworth. The defendant

CMI is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 10 of the plaintiff's complaint and therefore denies same.

11.

The defendant CMI denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12.

The defendant CMI denies the allegations contained in paragraph 12 of the plaintiff's complaint.

13.

The defendant CMI denies the allegations contained in paragraph 13 of the plaintiff's complaint.

## COUNT ONE

## COMPLAINT FOR FRAUD

1.

The defendant CMI responds to the allegations contained in paragraph 1 of Count One of the plaintiff's complaint in the same manner that it has responded to the allegations contained in paragraphs 1 through 13 of the Statement of Facts in the plaintiff's complaint and adopts, realleges and incorporates those responses herein by reference as if fully and completely set forth herein.

2.

The defendant CMI denies the allegations contained in paragraph 2 of Count One of the plaintiff's complaint.

3.

The defendant CMI denies the allegations contained in paragraph 3 of Count One of the plaintiff's complaint.

4.

The defendant CMI denies the allegations contained in paragraph 4 of Count One of the plaintiff's complaint.

5.

The defendant CMI denies the allegations contained in paragraph 5 of Count One of the plaintiff's complaint.

5(a).

The defendant CMI denies that the plaintiff is entitled to any relief as prayed for in his *ad damnum* clause contained in Count One of his complaint.

## COUNT TWO

## COMPLAINT FOR OUTRAGEOUS CONDUCT

1.

The defendant CMI responds to the allegations contained in paragraph 1 of Count Two of the plaintiff's complaint in the same manner that it has responded to the allegations contained in paragraphs 1 through 13 of the Statement of Facts in the plaintiff's complaint and adopts, realleges and incorporates those responses herein by reference as if fully and completely set forth herein.

2.

The defendant CMI denies the allegations contained in paragraph 2 of Count Two of the plaintiff's complaint.

3.

The defendant CMI denies the allegations contained in paragraph 3 of Count Two of the plaintiff's complaint.

4.

The defendant CMI denies the allegations contained in paragraph 4 of Count Two of the plaintiff's complaint and further states that it did not deny the plaintiff's surgery.

5.

The defendant CMI denies the allegations contained in paragraph 5 of Count Two of the plaintiff's complaint.

5(a).

The defendant CMI denies that the plaintiff is entitled to any relief as prayed for in his *ad damnum* clause contained in Count Two of his complaint.

## COUNT THREE

## COMPLAINT FOR SUPPRESSION OF MATERIAL FACTS

1.

The defendant CMI responds to the allegations contained in paragraph 1 of Count Three of the plaintiff's complaint in the same manner that it has responded to the allegations contained in paragraphs 1 through 13 of the Statement of Facts in the plaintiff's complaint and adopts, realleges and incorporates those responses herein by reference as if fully and completely set forth herein.

2.

The defendant CMI denies the allegations contained in paragraph 2 of Count

Three of the plaintiff's complaint.

3.

The defendant CMI denies the allegations contained in paragraph 3 of Count Three of the plaintiff's complaint.

4.

The defendant CMI denies the allegations contained in paragraph 4 of Count Three of the plaintiff's complaint.

5.

The defendant CMI denies the allegations contained in paragraph 5 of Count Three of the plaintiff's complaint.

6.

The defendant CMI denies the allegations contained in paragraph 6 of Count Three of the plaintiff's complaint.

6(a).

The defendant CMI denies that the plaintiff is entitled to any relief as prayed for in his *ad damnum* clause contained in Count Three of his complaint.

7.

The defendant CMI denies each and every allegation contained in the plaintiff's complaint which has not been hereinbefore either expressly admitted, denied or otherwise responded to.

8.

The defendant CMI reserves the right to amend this its answer by the addition or deletion of additional defenses as discovery may deem appropriate.

This 22 day of July, 2005.

           Respectfully submitted,

           CARLOCK, COPELAND, SEMLER
                & STAIR, LLP

BY: _____
     Jeffrey A. Brown
     State Bar No. 064441
     Attorneys for Defendant, Claims Management, Inc.
     Post Office Box 139
     Columbus, Georgia 31902-0139
     (706) 653-6109

## CERTIFICATE OF SERVICE

I, Jeffrey A. Brown, do hereby certify that I am of counsel for the defendant Claims Management, Inc. and that I have served a copy of the above and foregoing DEFENSES AND ANSWER OF DEFENDANT CLAIMS MANAGEMENT, INC. upon all counsel of record by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

        John A. Tinney, Esquire
        Post Office Box 1340
        Roanoke, Alabama 36274

This 22 day of July, 2005. _____
                            Of Counsel for Defendant, Claims Management, Inc.

1856053v1

STATE OF GEORGIA:

COUNTY OF MUSCOGEE:

## VERIFICATION

Personally appeared before me the undersigned officer duly authorized by law to administer oaths, JEFFREY A. BROWN, who after first being duly sworn, deposes and says that he is of counsel for the defendant Claims Management, Inc. and that the allegations of fact contained in the foregoing Notice of Removal are true and correct.

JEFFREY A. BROWN

Sworn to and subscribed before me
this ____ day of July, 2005.

_____
Notary Public
My Commission Expires: 8/8/06

1857779v1