IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMERY STEVE BROWN | ) | |
| PLAINTIFF | ) | |
| VS. | ) | CASE NO. 3:05-CV-0681-MHT-CSC |
| CLAIMS MANAGEMENT, INC. | ) | |
| DEFENDANT | ) | |

SECOND AMENDED COMPLAINT

Comes now Plaintiff Emery Steve Brown and amends the Bill of Complaint previously filed in this case and first Amended Complaint as follows:

STATEMENT OF FACTS

1. Plaintiff herein is a resident citizen of Randolph County, Alabama, and resides on Pine Valley Drive in Roanoke, Alabama.

2. The defendant Claims Management, Inc. is a foreign corporation doing business by agent in Randolph County, Alabama, whose principal place of business is located in Bentonville, Arkansas, and whose address is Post Office Box 1288, Bentonville, Arkansas.

3. Plaintiff herein was employed by Wal-Mart Super Center located in Roanoke, Alabama, on or about September 28, 2004.

4. On said date Plaintiff received an injury on his job which was reported to the Defendant to the best of Plaintiff's knowledge and belief on or about September 29, 2004.

5. Plaintiff would state that Defendant Claims Management, Inc. is an independent claims adjusting service which handles the workmen's compensation claims for Wal-Mart Super Center located in Roanoke, Alabama.

6. Plaintiff would state that he was initially sent to Dr. Mitchell Shirah in Roanoke for care and treatment of his injury. Plaintiff would state that he made continuous complaints to Dr. Shirah about the injury to his shoulder and received only conservative care and treatment from Dr. Shirah through October 19, 2004.

7. Plaintiff would state that on October 19, 2004, an MRI was done which revealed that the Plaintiff herein had a torn rotator cuff.

8. Plaintiff would state that Dr. Shirah advised him that he needed surgery on his shoulder and that this was beyond his area of expertise.

9. Plaintiff herein would state that to the best of his knowledge and belief Dr. Shirah reported to Defendant the Plaintiff's needs for surgery on or about October 22, 2004.

10. Plaintiff was subsequently seen by Dr. Holworth and was advised on October 27, 2004, that he needed surgery immediately for his rotator cuff injury. Plaintiff would state that the medical records of Dr. Holworth reflected that unless rotator cuff surgery was done within six weeks following the date of injury that the outcome of such surgery after that time would be compromised in all probability. Plaintiff would state that the Defendant herein was advised by Dr. Holworth's office on or about October 27, 2004, that the Plaintiff needed surgery immediately.

11. Plaintiff would state that to the best of his knowledge and belief Dr. Holworth scheduled him for surgery following his October 27, 2004, visit and the Defendant herein cancelled the surgery.

12. Plaintiff would state that an agent of the Defendant named Victoria Heppes advised the Plaintiff that the opinions of Dr. Shirah and Dr. Holworth were not sufficient to authorize surgery being performed upon the Plaintiff. Defendant's agent, Victoria Heppes, repeatedly advised the Plaintiff that a third opinion would be required to determine if the surgery was medically necessary.

13. Plaintiff would state that after begging and pleading for over a month the Defendant herein finally authorized the Plaintiff's surgery and the

same was subsequently performed by Dr. Holworth on or about October 29, 2004.

14. Plaintiff would state that as a result of the length of time between the time of his injury and the date that surgery was finally authorized by Defendant, Plaintiff suffered additional damages in that the surgery was not performed in a timely manner.

## COUNT ONE

## COMPLAINT FOR FRAUD

15. Plaintiff incorporates by this reference the above Statement of Facts as Paragraph One of this Count as if the same were fully set out herein.

16. Plaintiff herein would state that the Defendant's agent, Victoria Heppes, who at all times was acting within the line and scope of her employment relationship with Defendant Claims Management, Inc., represented to the Plaintiff that the surgery had not been determined to be medically necessary and that the Defendant would be required to obtain an opinion from an in-house physician that the surgery was medically necessary.

17. Plaintiff would state that Defendant's agent knew and had before it sufficient information to determine that the surgery was medically necessary and that damage would result to the Plaintiff if the surgery was not performed immediately.

18.     Plaintiff would state that the Defendant's agent knew that there was no requirement pursuant to the terms of the workmen's compensation coverage issued to Wal-Mart that the surgery must be approved by anyone other than the company physician. Plaintiff would state that the representation made by the Defendant's agent was made with the intent that the Plaintiff should rely upon the same.

19.     Plaintiff would state that the representation of the Defendant that a third opinion would be required to approve the surgery was false according to the terms of the policy issued to Wal-Mart by the Defendant. Plaintiff would state that the representation of the Defendant violated Ala. Code §§ 6-5-101, 6-5-103, and 6-5-104.

20.     As a proximate consequence of the fraud perpetrated upon the Plaintiff by Defendant Plaintiff was caused to suffer the following injuries and damages:

(a)     He did not have the surgery in a timely fashion that had been recommended;

(b)     He suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c)     He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

## COUNT TWO

### COMPLAINT FOR OUTRAGEOUS CONDUCT

21.     Plaintiff incorporates the above Statement of Facts and Count One as Paragraph One of this count.

22.     Plaintiff would state that the actions of the Defendant in not allowing him to have surgery which Doctor Holworth had said was immediately necessary were outrageous.

23.     Plaintiff would state that the Defendant herein had no opinion from any medical source that Dr. Shirah and Dr. Holworth's recommendations were not medically necessary and the actions of the Defendant were designed simply to withhold medical care and treatment from the Plaintiff which was necessary in an effort to prevent him from having the surgery recommended by these doctors.

24.     Plaintiff would state that Defendant had no medical basis for denial of the surgery and the conduct of the Defendant in this regard was outrageous.

25. Plaintiff would state that as a proximate consequence of the outrageous conduct of the Defendant he has been caused to suffer the following injuries and damages:

(a) He did not have the surgery in a timely fashion that had been recommended;

(b) He has suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c) He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

## COUNT THREE

### COMPLAINT FOR SUPPRESSION OF MATERIAL FACTS

26. Plaintiff incorporates the above Statement of Facts as Paragraph One of this count.

27. Plaintiff herein would state that a confidential relationship existed between him and the Defendant by virtue of special circumstances that would have required the Defendant to disclose to the Plaintiff truthful information

with respect to his medical condition and the responsibilities of the Defendant to the Plaintiff.

28. Plaintiff would state that the special circumstances which existed between Plaintiff and Defendant arose from the following facts:

(a) The Defendant herein was the only one receiving medical reports concerning the Plaintiff;

(b) The medical care and treatment which would be provided to the Plaintiff was controlled by the Defendant;

(c) The Defendant had before it Dr. Holworth's recommendation that the Plaintiff have surgery immediately and Defendant knew of the importance of the surgery to the Plaintiff.

(d) Defendant knew that if surgery was not done immediately irreparable harm would result to the Plaintiff.

(e) Defendant knew the terms and conditions of the workmen's compensation policy which covered the Plaintiff and provided coverage to him.

29. Plaintiff would state that due to the special circumstances which existed between Plaintiff and Defendant as alleged the Plaintiff would state that Defendant was required to disclose truthful information to the Plaintiff and that the following information should have been disclosed to the Plaintiff:

(a) That the Defendant was not required pursuant to the terms of the workmen's compensation coverage to have medical necessity determined by anyone other than the physician chosen by the Defendant;

(b) That the Defendant could have had Plaintiff's medical surgery approved immediately upon Dr. Holworth's recommendation by Defendant discussing the same with a supervisor who could have granted approval for the surgery.

(c) That the Plaintiff had no evidence in its files to deny the Plaintiff medical care and treatment as recommended by Dr. Holworth and Dr. Shirah;

(d) That there was no medical basis for the denial of care and treatment to the Plaintiff as recommended by Dr. Holworth and Dr. Shirah.

(e) That the Defendant was not receiving reports from Dr. Holworth and was not following up on the alleged reports not received by Dr. Holworth which would have allowed the surgery to be performed in a timely fashion.

30. Plaintiff would state that had the above facts been disclosed to him which were suppressed from him he would have sought other care and treatment immediately rather than relying upon the representations of the Defendant with respect to the provision of medical care and treatment for him.

31.     As a proximate consequence of the suppression of material facts as alleged by the Defendant, Plaintiff was caused to suffer the following injuries and damages:

(a)     He did not have the surgery that had been recommended in a timely fashion;

(b)     He suffered permanent injury and disability as a result of the delay in having surgery recommended by his physicians;

(c)     He has suffered emotional distress and anxiety and physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

## COUNT FOUR

### COMPLAINT FOR NEGLIGENCE

32.     Plaintiff hereby incorporates the Statement of Facts, Count One, Count Two, and Count Three of Plaintiff's Bill of Complaint previously filed.

33.     Plaintiff herein would state that Defendant owed Plaintiff a duty to timely process his request for approval of the surgery and to timely provide medical care.

34.     Plaintiff would state that Defendant breached its duty to provide appropriate and timely medical care by not procuring the medical records necessary for approval of the surgery in a timely manner and by not following up on securing medical records from Dr. Holworth that would have allowed the surgery to go forward.

35.     As a proximate cause of said breach and delay Plaintiff was caused to suffer the following injuries:

(a)     Plaintiff did not have the surgery performed in a timely fashion as recommended by his treating physician;

(b)     Plaintiff's rehabilitation was delayed causing a more excruciatingly painful and difficult recovery with decreased likelihood of as full recovery as he would have enjoyed had it not been for the delay;

(c)     Plaintiff was caused to suffer permanent injury and disability;

(d)     Plaintiff was caused to suffer severe emotional distress and anxiety while waiting for his surgery.

WHEREFORE, Plaintiff demands judgment against Defendant for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages.

/s/ John A. Tinney TIN005
Attorney for Plaintiff
Post Office Box 1430
739 Main Street
Roanoke, Alabama  36274
(334) 863-8945


Plaintiff demands trial by struck jury.

/s/ John A. Tinney TIN005
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of this pleading by faxing or by depositing a copy of the same in the United States Mail, in an envelope with adequate postage prepaid thereon and properly addressed to him.

Jeffery A. Brown
Post Office Box 139
Columbus, Georgia  31902-0139

This 4th day of May, 2006.


                /s/ John A. Tinney TIN005
                Attorney for Plaintiff
                Post Office Box 1430
                Roanoke, Alabama  36274
                334-863-8945