IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMORY STEVE BROWN, | * | CASE NUMBER: |
| | * | 3:05-CV-00681-WKW |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CLAIMS MANAGEMENT, INC., | * | |
| | * | |
| Defendant. | * | |

DEFENDANT CLAIMS MANAGEMENT, INC.'S
RESPONSE TO THE PLAINTIFF'S MOTION TO AMEND SCHEDULING
ORDER AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW the defendant, Claims Management, Inc. (hereinafter referred to as the "defendant Claims Management") and pursuant to the Court's Show Cause Order dated May 12, 2006, and in response to the plaintiff's Motion To Amend Scheduling Order [Document 24] and Motion For Leave To File Amended Complaint And To Amend Rule 26 Order Previously Entered By The Court [Document 25], hereby objects to said motions filed by the plaintiff.

PROCEDURAL HISTORY

The plaintiff filed his original Bill of Complaint in the Circuit Court of Randolph County, Alabama, on June 14, 2005, alleging Fraud, Outrageous Conduct, and Suppression of Material Facts against the defendant Claims Management. The

1

defendant Claims Management timely answered the plaintiff's Bill of Complaint on July 22, 2005, and later filed a Notice of Removal. The case was removed to the United States District Court for the Middle District of Alabama.

In the jointly filed Report of the Parties Planning Meeting, filed with the Court on September 30, 2005, the parties reported that they had agreed as follows: "The parties shall be allowed until December 30, 2005, to join additional parties and to amend the pleadings." [Please see Exhibit A, Report Of The Parties' Planning Meeting page 2.] On October 3, 2006, the Court entered a Uniform Scheduling Order, which stated at page 2, Section 4: "Any motions to amend the pleadings and to add parties shall be filed on or before December 30, 2005." [Emphasis in original. Please see Exhibit B, Uniform Scheduling Order page 2.] Furthermore, with respect to discovery, the Uniform Scheduling Order provided at page 2, Section 7: "All discovery shall be completed on or before October 16, 2006." [Emphasis in original. Please see Exhibit B, Uniform Scheduling Order page 2.]

On December 28, 2005, the plaintiff filed an Amended Complaint, adding a fourth count alleging negligence in addition to the previously asserted counts of fraud, outrageous conduct, and suppression of material facts. On December 29, 2005, the plaintiff filed a Motion for Leave to Amend Complaint and again attached his Amended Complaint as Exhibit A. The defendant Claims Management timely answered the plaintiff's Amended Complaint on January 11, 2006.

The plaintiff now seeks to accomplish two ends: first, as stated in his Motion To Amend Scheduling Order, the plaintiff seeks to amend the Court's Uniform Scheduling Order to alter the discovery period as set out therein; secondly, in the accompanying Motion For Leave To File Amended Complaint And To Amend Rule 26 Order Previously Entered By The Court, the plaintiff seeks to file a Second Amended Complaint after the expiration of the parties' agreed deadline to amend pleadings, as subsequently set forth in the Court's Uniform Scheduling Order.

I.

The defendant Claims Management contends the plaintiff's Motion To Amend Scheduling Order is mistaken and moot.

The defendant Claims Management submits that the plaintiff's motion is mistaken and unnecessary. The Uniform Scheduling Order entered by the Court on October 3, 2005, provides at page 2, Section 7, "All discovery shall be completed on or before October 16, 2006,". [Emphasis in original. Please see Exhibit B, page 2 of Uniform Scheduling Order.] The defendant Claims Management shows unto the Court that the discovery period provided for in the Uniform Scheduling Order is still in effect and it is therefore unnecessary to amend the Scheduling Order as the plaintiff suggests.

II.

The defendant Claims Management objects to the plaintiff's Motion For Leave To File Amended Complaint And Amend Rule 26 Order Previously Entered

By The Court on the grounds that it is untimely and fails for want of good cause. The Uniform Scheduling Order provides at page 2, Section 4: "Any motions to amend the pleadings and to add parties shall be filed on or before December 30, 2005." [Emphasis in original. Please see Exhibit B, Uniform Scheduling Order page 2.] Ordinarily, leave to amend a pleading is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). When granting leave would require modification of a Rule 16 scheduling order, however, the movant must first show "good cause." Fed.R.Civ.P 16(b). Alexander v. AOL Time Warner, Inc., 132 Fed.Appx. 267, 269; 2005 WL 1182950 (11th Cir. 2005) (unpublished decision). Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). (The defendant CMI agrees that the plaintiff's amendment would not seem to require an amendment to the Scheduling Order, however, it cannot definitely commit to this as it might need additional time to meet certain obligations of the order, should the amendment be allowed.) The plaintiff, in his "Motion For Leave To File Amended Complaint And To Amend Rule 26 Order Previously Entered By The Court," has made no reference to the "good cause" standard nor provided an adequate explanation of the delay of 125 days since the deadline imposed by the Uniform Scheduling Order.

Good cause cannot be shown absent the diligence of the moving party. Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998). "[U]ndue delay in an adequate basis for denying leave to amend." Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th

Cir. 1999).

In the case at bar, the complaint has been previously amended and the agreed deadline to amend pleadings had since passed. In Alexander v. AOL Time Warner, supra., the Eleventh Circuit Court of Appeals affirmed the United States District Court for the Southern District of Georgia's denial of leave to amend a complaint filed 52 days from the expiration of the deadline to amend the pleadings. Similarly, in Jennings, 181 F.3d at 1534-35, the Eleventh Circuit held that the District Court acted within its discretion in denying a plaintiff's motion to amend her complaint on the basis that it was untimely, being filed over five months after the court's deadline for amending the pleadings had passed. See also Sosa, 133 F.3d at 1419 (leave to amend complaint denied due to lack of diligence and want of good cause); Williams v. Baldwin County Commission, 203 F.R.D. 512 (S.D.Ala. 2001) (leave to amend complaint denied due to lack of diligence and want of good cause).

The plaintiff has not addressed the governing standard of "good cause" in his motion. The plaintiff only states that, following the deposition of the plaintiff and an employee of the defendant, the proposed amended complaint "is made to further clarify the issues between the parties and to conform to the evidence which will be presented at the time of trial in this case." This statement by the plaintiff is similar to the argument rejected by the Eleventh Circuit Court of Appeals in Jameson v. Arrow Company, 75 F.3d 1528 (11thCir. 1996). In that case, the plaintiff sought to excuse

5

her delay in moving to amend her complaint for a third time, claiming she needed important information from a deposition before she could amend her pleading. Id. at 1534. The Eleventh Circuit rejected her argument, stating, "Though we are mindful of the fact that Jameson was unable to obtain important information needed to pursue this claim until Houston Payne's deposition in March of 1994, it appears that the basic facts giving rise to a retaliation theory were available when the second amended complaint was filed." Id. at 1535. Like the plaintiff in Jameson, all of the basic facts underlying the plaintiff's four previously stated causes of action were known to the plaintiff in this case well in advance of the Scheduling Order's December 30, 2005, deadline. The plaintiff's proposed amendment does not add new parties or theories. It merely adds additional facts to the causes of action previously stated in the plaintiff's Bill of Complaint and first Amended Complaint.

The defendant submits that there is no need to amend the pleadings "to further clarify the issues" as to the same four causes of action. Accordingly, the plaintiff's Motion For Leave To File Amended Complaint And Amend Rule 26 Order Previously Entered By The Court does not meet the good cause standard and therefore should be denied.

This 18th day of May, 2006.

Respectfully submitted,

CARLOCK, COPELAND, SEMLER

6

                                                                                                                                                                                             & STAIR, LLP

                                             BY:____/s/ Jeffrey A. Brown_____
                                                    Jeffrey A. Brown
                                                    Attorney Code: BRO132
                                                  Attorneys for Defendant, Claims Management
                                                  Post Office Box 139
                                                  Columbus, Georgia 31902-0139
                                                  (706) 653-6109

## CERTIFICATE OF SERVICE

     I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Claims Management, Inc. and that I have served a copy of the above and foregoing DEFENDANT CLAIMS MANAGEMENT, INC.'S RESPONSE TO THE PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT upon all counsel of record via electronic filing and by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

                                      John A. Tinney, Esquire
                                      Post Office Box 1430
                                   Roanoke, Alabama  36274

     This 18th day of May, 2006.

                                                 ___/s/ Jeffrey A. Brown_____
                                                 Of Counsel for Defendant, Claims Management, Inc.

1975799v.1