# EXHIBIT

# 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMORY STEVE BROWN, | * | CASE NUMBER: |
| | * | 3:05 CV 0681-C |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CLAIMS MANAGEMENT, INC., | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT CLAIMS MANAGEMENT, INC.'S
RESPONSE TO THE PLAINTIFF'S
FIRST REQUEST FOR ADMISSIONS**

COMES NOW the defendant, Claims Management, Inc. (hereinafter referred to as the "defendant Claims Management") and in response to the plaintiff's first request for admissions, states the following:

GENERAL OBJECTION

The defendant Claims Management objects to the instructions contained in the plaintiff's first request for admissions to the defendant Claims Management to the extent they alter, add to, deviate from or attempt to impose upon the defendant Claims Management obligations which are contrary to, divergent from, and/or in addition to those obligations imposed upon it by the Federal Rules of Civil Procedure. Subject to the above general objection, the defendant Claims Management responds to the plaintiff's first request for admissions as follows:

1.

**REQUEST TO ADMIT:** When defendant denied Dr. Holworth's request to do surgery on

the plaintiff as indicated on his October 27, 2004 office record defendant had no opinion from any physician that the procedure recommended by Dr. Holworth to be performed was not medically necessary.

**RESPONSE:** The defendant CMI denies the plaintiff's first request to admit due to the fact that it did not deny Dr. Holworth's request to perform surgery.

2.

**REQUEST TO ADMIT:** Between October 27, 2004 and November 29, 2004 defendant had no medical opinion rendered to them by any physician concerning the care or treatment of plaintiff other than Dr. Holworth.

**RESPONSE:** The defendant CMI admits the plaintiff's second request to admit.

3.

**REQUEST TO ADMIT:** Defendant told the plaintiff through defendant's agent that another physician had to review his records before surgery could be authorized by the defendant.

**RESPONSE:** The defendant CMI denies the plaintiff's third request to admit.

4.

**REQUEST TO ADMIT:** Defendant had no other physician review the plaintiff's medical records to determine whether the surgery recommended by Dr. Holworth should be authorized by the defendant.

**RESPONSE:** The defendant CMI admits the plaintiff's fourth request to admit due to the fact that the requested surgery was approved by the adjuster and no additional physician's review was necessary.

5.

**REQUEST TO ADMIT:** Defendant knew from Dr. Holworth's records submitted to the defendant that the plaintiff needed the rotator cuff surgery to be performed within six weeks after the plaintiff's date of injury.

**RESPONSE:** The defendant CMI denies the plaintiff's fifth request to admit on the grounds that it is inappropriately formed and presented request.

6.

**REQUEST TO ADMIT:** Dr. Shirah advised the defendant that the plaintiff needed rotator cuff surgery.

**RESPONSE:** The defendant CMI denies the plaintiff's sixth request to admit. Dr. Shirah referred the plaintiff to an orthopaedic surgeon after obtaining the results of an MRI which was performed on October 19, 2004.

7.

**REQUEST TO ADMIT:** Dr. Holworth advised the defendant that plaintiff's rotator cuff surgery should be performed at least within six weeks from the date of his injury.

**RESPONSE:** In response to the plaintiff's seventh request to admit, the defendant CMI contends that it did not receive Dr. Holworth's October 27, 2004 record until more than six weeks after the injury had occurred. The defendant CMI submits that the record speaks for itself and therefore denies the plaintiff's interpretation of the record is factually accurate.

8.

3

**REQUEST TO ADMIT:** Defendant did not submit Dr. Holworth's October 27, 2004 office record to another physician for review.

**RESPONSE:** The defendant CMI admits the plaintiff's eighth request to admit.

9.

**REQUEST TO ADMIT:** Defendant knew from the MRI scan performed on or about October 19, 2004, that the MRI showed the plaintiff had a torn rotator cuff.

**RESPONSE:** The defendant CMI admits the plaintiff's ninth request to admit.

10.

**REQUEST TO ADMIT:** Defendant knew from the October 19th MRI that the same was "remarkable for a tear of the supraspinatus".

**RESPONSE:** The defendant CMI denies the plaintiff's tenth request to admit on the grounds that it is an incomplete and therefore an inaccurate statement of the MRI report. The defendant CMI submits that the contents of the report speak for themselves.

11.

**REQUEST TO ADMIT:** Defendant is an independent agent and not an employee of the Wal-Mart store in Roanoke, Alabama.

**RESPONSE:** The defendant CMI admits the plaintiff's eleventh request to admit.

12.

**REQUEST TO ADMIT:** Defendant is not an agent, servant or employee of the Wal-Mart store in Roanoke, Alabama.

**RESPONSE:** The defendant CMI admits the plaintiff's twelfth request to admit.

4

13.

**REQUEST TO ADMIT:** The Wal-Mart store in Roanoke, Alabama, does not direct or control how the Defendant adjusts workmen's compensation claims on its behalf.

**RESPONSE:** The defendant CMI admits the plaintiff's thirteenth request to admit.

This 16 day of August, 2005.

                                              Respectfully submitted,

                                              CARLOCK, COPELAND, SEMLER
                                                 & STAIR, LLP

BY: _____
     Jeffrey A. Brown
     Attorney Code: BRO132
     Attorneys for Defendant, Claims Management, Inc.
     Post Office Box 139
     Columbus, Georgia 31902-0139
     (706) 653-6109

### CERTIFICATE OF SERVICE

I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Claims Management, Inc. and that I have served a copy of the above and foregoing DEFENDANT CLAIMS MANAGEMENT, INC.'S RESPONSE TO THE PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS upon all counsel of record by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

                            John A. Tinney, Esquire
                            Post Office Box 1430
                            Roanoke, Alabama 36274

This 16 day of August, 2005.   _____
                                                         Of Counsel for Defendant, Claims Management,

Inc.

6

1855825v1