# EXHIBIT

# 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMORY STEVE BROWN, | * | CASE NUMBER: |
| | * | 3:05 CV 0681-C |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CLAIMS MANAGEMENT, INC., | * | |
| | * | |
| Defendant. | * | |

DEFENDANT CLAIMS MANAGEMENT, INC.'S
RESPONSE TO THE PLAINTIFF'S
FIRST INTERROGATORIES

COMES NOW the defendant, Claims Management, Inc. (hereinafter referred to as the "defendant Claims Management") and in response to the plaintiff's first interrogatories, states the following:

GENERAL OBJECTION

The defendant Claims Management objects to the instructions contained in the plaintiff's first interrogatories to the defendant Claims Management to the extent they alter, add to, deviate from or attempt to impose upon the defendant Claims Management obligations which are contrary to, divergent from, and/or in addition to those obligations imposed upon it by the Federal Rules of Civil Procedure. Subject to the above general objection, the defendant Claims Management responds to the plaintiff's first interrogatories as follows:

1

1.

**INTERROGATORY:** Please state the correct name and address of your agent named Victoria who has dealt with the plaintiff concerning the plaintiff's claim.

**RESPONSE:** Victoria Hepes Greenspan, P.O. Box 1288, Bentonville, Arkansas, 72712.

2.

**INTERROGATORY:** Please state the name and address of any physician or other person, firm, or corporation that you sought advice from as to whether the care and treatment recommended by Dr. Howorth was medically necessary concerning the plaintiff's care and treatment.

**RESPONSE:** Defendant Claims Management has not sought advice from any physician. However, a nurse reviewed the record during the approval process. This nurse's name is J. Abbott. The address of the nurse is not now known but will be provided by supplementation.

3.

**INTERROGATORY:** Please state all persons from whom you received any medical opinion concerning the plaintiff at anytime. Please state each date that you received any information from this medical provider and what information may have been provided to you.

**RESPONSE:** The defendant Claims Management objects to the plaintiff's third

2

interrogatory on the grounds that it calls for information which is or was prepared in anticipation of litigation, is afforded protection as work product and attorney/client privilege, and is therefore removed from the scope of discovery. Without waiving said objection and answering specifically subject thereto, see the defendant Claims Management's response to interrogatory number 2 above, and the defendant Claims Management received information from the plaintiff's treating physicians.

4.

**INTERROGATORY**: Please state each and every date that you were requested by any physician to be allowed to perform any medical care or treatment for the plaintiff concerning his shoulder.

**RESPONSE**: On October 18, 2004 a request was made by Dr. Shirah's office to have an MRI of the plaintiff's shoulder done. Also, some time around November 15, 2004 a request for surgery was received from Dr. Howorth's office.

5.

**INTERROGATORY**: Please state each and every reason that you denied any physician requesting approval for treatment of the plaintiff such care or treatment as was requested.

**RESPONSE**: No request for treatment from a physician has been denied.

6.

**INTERROGATORY**: Please state each and every reason with specificity why you did

3

not allow Dr. Howorth to proceed with rotator cuff surgery immediately after receiving his October 27, 2004 plan of care of plaintiff.

**RESPONSE**: Defendant Claims Management did not receive a request for surgery from Dr. Howorth until around November 15, 2004.

7.

**INTERROGATORY**: Please state the name and home address of all persons who participated in any decision to not allow Dr. Howorth to perform plaintiff's rotator cuff surgery as Dr. Howorth requested on or about October 27, 2004.

**RESPONSE**: There was never a decision made to not allow Dr. Howorth to perform surgery on the plaintiff.

8.

**INTERROGATORY**: Please state what medical evidence you had in your possession when you denied Dr. Howorth permission to perform rotator cuff surgery on the plaintiff after you received Dr. Howorth's October 27, 2004 plain of care that justified your refusing to follow Dr. Howorth's recommendations.

**RESPONSE**: Dr. Howorth was never denied permission to perform surgery on the plaintiff.

9.

**INTERROGATORY**: Please state the date you first received the results of the MRI scan ordered by Dr. Shirah concerning the plaintiff.

4

**RESPONSE:** On or about October 22, 2004, or October 25, 2004.

10.

**INTERROGATORY:** Please identify with specificity all records relating to the plaintiff received by you from Dr. Howorth that you submitted to any other physician for review concerning the plaintiff's medical care or treatment.

**RESPONSE:** The plaintiff's records were not submitted to any other physician for review.

This 31 day of October, 2005.

          Respectfully submitted,

          CARLOCK, COPELAND, SEMLER
          & STAIR, LLP

BY: _____
    Jeffrey A. Brown
    Attorney Code: BRO132
    Attorneys for Defendant, Claims Management, Inc.
    Post Office Box 139
    Columbus, Georgia 31902-0139
    (706) 653-6109

5

## CERTIFICATE OF SERVICE

I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Claims Management, Inc. and that I have served a copy of the above and foregoing DEFENDANT CLAIMS MANAGEMENT, INC.'S RESPONSE TO THE PLAINTIFF'S FIRST INTERROGATORY upon all counsel of record by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

John A. Tinney, Esquire
Post Office Box 1430
Roanoke, Alabama 36274

This 31 day of October, 2005.

_____
Of Counsel for Defendant, Claims Management, Inc.

6

1855841v.1