# EXHIBIT

# 9

FRAUD                                              AJPI CIVIL 18.08

### APJI 18.08

### SUPPRESSION OF TRUTH—DUTY TO DISCLOSE AS JURY ISSUE

The plaintiff contends that the defendant was guilty of a legal fraud because the defendant (concealed) (withheld) material facts from the plaintiff and without knowledge of such material facts the plaintiff acted to his injury. The defendant denies those allegations and, therefore, the burden is upon the plaintiff to reasonably satisfy you from the evidence of the truthfulness of each of the following claims:

1. That the defendant was under a duty to disclose;

2. That the defendant (concealed) (withheld) material facts from the plaintiff to induce the plaintiff to act; and

3. That without knowledge of such material facts the plaintiff acted to his injury.

In determining whether the defendant was under a duty to disclose (communicate) (speak), you may consider the value of the particular fact(s) involved, the relative knowledge of the parties, any inequality of the condition of the parties, the relative bargaining position of the parties and whether the defendant has some particular knowledge, means of knowledge or expertise not shared by the plaintiff.

---

Notes on Use

To be used where the jury must determine whether a duty to

disclose arises from the particular circumstances of the case. Where the relationship of the parties from which a duty to disclose arises is not a jury issue (generally where confidential or fiduciary relationships are involved), APJI 18.05 should be given instead of this charge. It would not be appropriate to give both charges in the same case.

### References

Hopkins v Lawyers Title Ins. Corp., 514 So 2d 786 (1986, Ala).
Lowder Realty, Inc. v Odom, 495 So 2d 23 (1986, Ala).
Jim Walter Homes, Inc. v Waldrop, 448 So 2d 301 (1983, Ala).
Jim Short Ford Sales, Inc. v Washington, 384 So 2d 83, 18 ALR4th 816 (1980, Ala), appeal after remand (Ala) 420 So 2d 14.