IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EMORY STEVE BROWN, | * | CASE NUMBER: |
| | * | 3:05-CV-00681-WKW |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CLAIMS MANAGEMENT, INC., | * | |
| | * | |
| Defendant. | * | |

**MOTION OF DEFENDANT CLAIMS MANAGEMENT, INC.
TO EXTEND DEADLINES IN SECTIONS 7, 9, 10, & 11
OF THE UNIFORM SCHEDULING ORDER**

COMES NOW the defendant, Claims Management, Inc., by and through counsel, and hereby requests that the Court extend the deadlines contained in Sections 7, 9, 10, and 11 of the Uniform Scheduling Order previously entered in this case. In support of the motion, the defendant Claims Management shows unto the Court as follows:

1.

On October 3, 2005, pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court entered a Uniform Scheduling Order (Court Document No. 8) with respect to the above-styled case. The Scheduling Order was modified by Order of the Court on September 18, 2006 (Court Document No. 42), and again modified by Order of the Court on October 12, 2006 (Court Document No. 46), as follows: the trial originally set for December 4, 2006, and then rescheduled for February 26, 2007,

is now scheduled for **May 14, 2007**; the pretrial conference originally set for October 30, 2006, and then rescheduled for January 22, 2007, is now scheduled for **April 9, 2007**.

2.

Following entry of the Court's Order dated September 18, 2006 (Court Document No. 42), which rescheduled the trial date to February 26, 2007, counsel for the defendant Claims Management drafted a proposed "Parties' Joint Motion To Extend Deadlines In Sections 7, 9, 10, & 11 Of The Uniform Scheduling Order." In a telephone conversation between counsel for defendant and plaintiff, *plaintiff's counsel stated his agreement with the proposed joint motion and consented to modify the deadlines contained in the Scheduling Order as follows*:

(a)  as to **Section 7** of the Scheduling Order, which addresses completion of discovery, the parties request that the deadline set for October 16, 2006, be extended to **December 15, 2006**;

(b)  as to **Section 9** of the Scheduling Order, which addresses identification of witnesses pursuant to Federal Rule of Civil Procedure 26(a)(3), the parties request that the deadline set for November 6, 2006, be extended to **January 29, 2007**;

(c)  as to **Section 10** of the Scheduling Order, which addresses identification of deposition parts and document parts pursuant to Federal Rule of Civil Procedure 26(a)(3), the parties request that the deadline set for November 6, 2006, be extended to **January 29, 2007,** with adverse party responses remaining due one week thereafter and

rebuttals remaining due three days following the adverse parties response;

(d)   as to **Section 11** of the Scheduling Order, which addresses identification of exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3), the parties request that the deadline set for November 6, 2006, be extended to **January 29, 2007**.

3.

Following the telephone conversation and agreement reached between counsel for defendant and plaintiff on October 12, 2006, it was learned that the Court had entered an Order earlier on that same date which rescheduled the trial date from February 26, 2007, to May 14, 2007 (Court Document No. 46).   Counsel for the defendant unsuccessfully attempted to reach plaintiff's counsel by telephone on October 13, 14, and 16, to discuss revision of the agreed upon motion in order to be consistent with the new deadlines enacted in the Court's Order of October 12, 2006.  In keeping with the Court's Order dated October 12, 2006, *the defendant Claims Management requests that the Scheduling Order be further amended as follows*:

(a)   as to **Section 7** of the Scheduling Order, which addresses completion of discovery, the defendant Claims Management requests that the deadline originally set for October 16, 2006, then agreed upon by plaintiff's counsel to be extended to December 15, 2006, be further extended to **Friday, March 2, 2006** (plaintiff's counsel has not expressed approval or disapproval of this additional extension of the deadline) ;

(b)   as to **Section 9** of the Scheduling Order, which addresses identification of witnesses pursuant to Federal Rule of Civil Procedure 26(a)(3), the defendant Claims

3

Management requests that the deadline set for November 6, 2006, then agreed upon by plaintiff's counsel to be extended to January 29, 2007, be further extended to **Friday, April 13, 2007 2006** (plaintiff's counsel has not expressed approval or disapproval of this additional extension of the deadline) ;

  (c) as to **Section 10** of the Scheduling Order, which addresses identification of deposition parts and document parts pursuant to Federal Rule of Civil Procedure 26(a)(3), the defendant Claims Management requests that the deadline set for November 6, 2006, then agreed upon by plaintiff's counsel to be extended to January 29, 2007, be further extended to **Friday, April 13, 2007,** with adverse party responses remaining due one week thereafter and rebuttals remaining due three days following the adverse parties response (plaintiff's counsel has not expressed approval or disapproval of this additional extension of the deadline) ;

  (d) as to **Section 11** of the Scheduling Order, which addresses identification of exhibits pursuant to Federal Rule of Civil Procedure 26(a)(3), the defendant Claims Management requests that the deadline set for November 6, 2006, then agreed upon by plaintiff's counsel to be extended to January 29, 2007, be further extended to **Friday, April 13, 2007** (plaintiff's counsel has not expressed approval or disapproval of this additional extension of the deadline) .

**4.**

The modifications proposed herein by the defendant Claims Management update the Scheduling Order to provide time periods between the running of a specified

deadline and the date set for trial comparable to those identified in the original Scheduling Order. The modifications proposed herein are in keeping with the general timeframes embodied in the Court's original Scheduling Order. The modifications proposed herein are in keeping with the Federal Rules of Civil Procedure, are submitted in good faith, for no improper purpose, and will not delay or otherwise hinder the trial of this case scheduled for May 14, 2007.

**5.**

In summary, the parties have jointly agreed to extend the deadline originally set in **Section 7** of the Scheduling Order to December 15, 2006, and the defendant Claims Management further proposes to extend the deadline to **March 2, 2006**. The parties have jointly agreed to extend the deadlines originally set in **Sections 9, 10, and 11** of the Scheduling Order to January 29, 2007, and the defendant Claims Management further proposes to extend the deadlines to **April 13, 2007**.

WHEREFORE, for good cause shown, the defendant Claims Management respectfully requests that the Court extend the deadlines contained in Sections 7, 9, 10, and 11 of the Uniform Scheduling Order as stated by the defendant Claims Management in paragraph 3 and 5 of this motion; or, in the alternative, to extend the deadlines contained in Sections 7, 9, 10, and 11 of the Uniform Scheduling Order as jointly requested by the parties as stated in paragraph 2 and 5 of this motion; or for such other period of time as the Court deems proper.

This 16th day of October, 2006.

Respectfully submitted,

BY: /s/ Jeffrey A. Brown
Jeffrey A. Brown
Attorney Code: BRO132

BY: /s/ Archie I. Grubb, II
Archie I. Grubb, II
Attorney Code: GRU015
CARLOCK, COPELAND,
SEMLER & STAIR, LLP
Attorneys for Defendant, Claims Management
Post Office Box 139
Columbus, Georgia 31902-0139
(706) 653-6109

## CERTIFICATE OF SERVICE

I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Claims Management, Inc. and that I have served a copy of the above and foregoing MOTION OF DEFENDANT CLAIMS MANAGEMENT, INC. TO EXTEND DEADLINES IN SECTIONS 7, 9, 10, & 11 OF THE UNIFORM SCHEDULING ORDER upon all counsel of record via electronic filing and by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

John A. Tinney, Esquire
Post Office Box 1430
Roanoke, Alabama 36274

This 16th day of October, 2006.

/s/ Jeffrey A. Brown
Of Counsel for Defendant, Claims Management, Inc.

6

2057321v.2